Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number: (619) 233-7770
Office Fax Number: (619) 297-1022

*Additional Attorneys on the signature page.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Spreter, *individually and on behalf of all others similarly situated*,<br><br>                    Plaintiff,<br><br>v.<br><br>Lyft, Inc.,<br><br>                    Defendant. | Case No:  '18CV0540 BEN JMA<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     Patrick Spreter ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Lyft, Inc. ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal

1    knowledge as to himself and his own acts and experiences, and, as to all other

2    matters, upon information and belief, including investigation conducted by their

3    attorneys.

4    2.    The TCPA was designed to prevent calls like the ones described within this

5    complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous

6    consumer complaints about abuses of telephone technology – for example,

7    computerized calls dispatched to private homes – prompted Congress to pass

8    the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

9    3.    In enacting the TCPA, Congress intended to give consumers a choice as to

10   how creditors and telemarketers may call them, and made specific findings

11   that "[t]echnologies that might allow consumers to avoid receiving such calls

12   are not universally available, are costly, are unlikely to be enforced, or place

13   an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

14   Toward this end, Congress found that

15

16   [b]anning such automated or prerecorded telephone calls to the
     home, except when the receiving party consents to receiving the
17   call or when such calls are necessary in an emergency situation
     affecting the health and safety of the consumer, is the only
18   effective means of protecting telephone consumers from this
19   nuisance and privacy invasion.

20

21   *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

22   WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

23   on TCPA's purpose).

24   4.    Congress also specifically found that "the evidence presented to the Congress

25   indicates that automated or prerecorded calls are a nuisance and an invasion

26   of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*,

27   132 S. Ct. at 744.

28

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

6. Because Defendant does business within the Southern District of California, personal jurisdiction is established.

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides in the Southern District of California.

**PARTIES**

8. Plaintiff Patrick Spreter is, and at all times mentioned herein was, a citizen and resident of the State of California.

9. Plaintiff Patrick Spreter is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff is informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation doing business in California and is a "person," as defined by 47 U.S.C. § 153(39).

11. Defendant is a Delaware Corporation with its principal place of business in San Francisco, California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation and owner (or frequent user) of one or more of the telephone numbers and/or short codes used by Defendant to make telephone calls to Plaintiff in violation of the TCPA.

13. At all times relevant herein Defendant conducted business in the State of California and within this judicial district.

**FACTUAL ALLEGATIONS**

14. Defendant operates an on-demand transportation service and mobile application called "Lyft."

15. Defendant connects available drivers with passengers seeking transportation through the mobile application platform.

16. One of the primary ways in which Defendant communicates with drivers (both prospective and existing), riders, and the public at large is through text messages to an individual's mobile telephone.

17. Defendant uses text messages to recruit potential drivers and communicate with current drivers and passengers.

18. Sometime before December 31, 2016, Plaintiff began to fill out a digital application with Defendant to become a driver for Defendant.

19. Plaintiff did not complete the application or submit the application to Defendant for processing.

20. Thereafter, sometime on or before December 31, 2016, Plaintiff received a text message from Defendant (the "Text Message").

21. The Text Message encouraged Plaintiff completed his application with Defendant to become a driver.  The text message stated:

> Complete your Lyft driver application today to earn big on New Year's Eve, our biggest night of the year.  Finish now: http://lft.to/1TR7PGC

22. Plaintiff did not have an established business relationship with Defendant at the time of the Text Message.

23. At no time did Plaintiff provide Defendant prior express consent to be contacted by Defendant.

### The Text Message From Defendant Violated the TCPA

24. A text message is "a call" within the meaning of the TCPA. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *see also Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016) ("A text message

1   to a cellular telephone … qualif[ies] as a 'call' within the compass of § 227(b)
2   (1)(A)(iii).") (citation omitted).

3   25.   Upon information an belief, the Text Message was sent using equipment that
4   had the capacity to store or produce telephone numbers to be called using a
5   random or sequential number generator, and to dial such numbers, and was
6   therefore an automatic telephone dialing system ("ATDS") as defined by 47
7   U.S.C. § 227(a)(1).

8   26.   ATDS refers to any equipment that has the "capacity to dial numbers without
9   human intervention[,]" such as predictive dialers. *Griffith v. Consumer*
10   *Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 726 (N.D. Ill. 2011) (citing *In re*
11   *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18
12   FCC Rcd 14014, 14092, ¶ 132 (2003) ("2003 TCPA Order")).

13   27.   Upon information and belief, the ATDS used by Defendant has the capacity to
14   store or produce telephone numbers to be called, using a random or sequential
15   number generator.

16   28.   Upon information and belief, the ATDS used by Defendant also has the
17   capacity to, and does, dial telephone numbers stored as a list or in a database
18   without human intervention.

19   29.   Defendant's Text Message was placed to a telephone number assigned to a
20   cellular telephone service for which Plaintiff incurs a charge for incoming text
21   messages pursuant to 47 U.S.C. § 227(b)(1).

22   30.   Upon information and belief, the Text Message were made to Plaintiff for the
23   purpose of soliciting Plaintiff to use Defendant's mobile application.

24   31.   The Text Message from Defendant was unwanted by Plaintiff.

25   32.   In 2012, the FCC – the agency tasked with promulgating the implementing
26   regulations of the TCPA – revised its TCPA rules to require prior express
27   written consent before initiating a telephone call "that includes or introduces

28

an advertisement or constitutes telemarketing[.]" 47 C.F.R. § 64.1200(a)(2); *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013).

33. According to FCC regulations, "prior express consent" must (i) be in writing; (ii) be signed by the person providing the consent; (iii) specify the telephone number to which the person is consenting to be called; and (iv) clearly authorize the calling party to use an ATDS or artificial or pre-recorded voice. *See In the Matter of Rules and Regulations Implementing the TCPA of 1991*, FCC Report and Order, CG Dkt. No. 02-278, ¶ 33 (Feb. 15, 2012) ("2012 TCPA Order").

34. The Text Message from Defendant to Plaintiff constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

35. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

36. Defendant's Text Message was willful and knowing, in that Defendant knew it was employing equipment that would send unsolicited promotional text messages to the cellular and wireless telephone numbers.

37. "Willful … means that the violator knew that he was doing the act in question. … A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance." *In re Dynasty Mtg., L.L.C.*, 22 FCC Rcd. 9453, 9470 n. 86 (May 14, 2007) (citations omitted).

38. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

39. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted text messages using an ATDS.

40. Defendant's text messages occupied Plaintiff's cellular telephone with an unwanted Text Message, causing a nuisance and lost time.

41. Defendant's text message to Plaintiff's cellular telephone number was unsolicited by Plaintiff and without Plaintiff's permission or consent.

42. Plaintiff is informed and believes and here upon alleges, that the text message was made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

43. The FCC's rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing provide, "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 (1995).

44. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law, including, but not limited to violations of the TCPA.

45. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

46. Further, Defendant's violations also cause Plaintiff to suffer a real and concrete harm because Plaintiff's time was wasted on text messages with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See, e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

**STANDING**

47.  Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

a.  a valid injury in fact;

b.  which is traceable to the conduct of Defendant;

c.  and is likely to be redressed by a favorable judicial decision.

48.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

49.  In order to meet the standard laid out in *Spokeo* and Lujan, Plaintiff must clearly allege facts demonstrating all three prongs above.

*The "Injury in Fact" Prong*

50.  Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in Spokeo (Id.).

51.  For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on Plaintiff's cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff.  Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are concrete and de facto.

52.  For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." Spokeo, 136 S. Ct. at 1548. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on Plaintiff's cellular phone.

*The "Traceable to the Conduct of Defendant" Prong*

53.   The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

54.   In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

55.   The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

56.   In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227.  The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

57.   Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

58.   Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in   Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

**CLASS ACTION ALLEGATIONS**

59.   Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

60.   Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who started an application to become a driver for Defendant but did complete an application to become a driver or otherwise become a driver for Defendant, who used or subscribed to a wireless or cellular service, and to whom Defendant, or their agent/s and/or employee/s, sent at least one text message to the person's cellular telephone made through the use of any automatic telephone dialing system, not for emergency purposes, within the four years prior to the filing of this Complaint.

61. Excluded from the above-defined Class is Defendant, any entity in which Defendant has a controlling interest, Defendant's officers, directors, and employees, Defendant's counsel, any persons or entities who have previously settled a TCPA claim with Defendant, the Court and Court personnel, and Plaintiff's counsel.

62. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

63. Plaintiff and members of the Class were harmed by the acts of Defendant that Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone data for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were thereby damaged.

64. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

65.   The joinder of the class members is impractical and the disposition of their claims in the Class will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

66.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual class members, including the following:

   a)   Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications (other than a message made for emergency purposes) using any automatic dialing system to any telephone number assigned to a cellular telephone service;

   b)   Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

   c)   Whether Defendant's conduct was knowing and/or willful;

   d)   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   e)   Whether Defendant and/or its agent/s should be enjoined from engaging in such conduct in the future.

67.   As persons that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

68.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition,

1  these violations of law will be allowed to proceed without remedy and
2  Defendant will likely continue such illegal conduct. Because of the size of the
3  individual Class members' claims, few, if any, Class members could afford to
4  seek legal redress for the wrongs complained of herein.

5  69.  Plaintiff has retained counsel experienced in handling class action claims and
6  claims involving violations of the TCPA.

7  70.  A class action is a superior method for the fair and efficient adjudication of
8  this controversy. Class-wide damages are essential to induce Defendant to
9  comply with federal law. The interest of Class members in individually
10  controlling the prosecution of separate claims against Defendant is small
11  because the maximum statutory damages in an individual action for violation
12  of privacy are minimal. Management of these claims is likely to present
13  significantly fewer difficulties than those presented in many claims.

14  71.  Defendant has acted on grounds generally applicable to the Class, thereby
15  making appropriate final injunctive relief and corresponding declaratory relief
16  with respect to the Class as a whole.

17  **CAUSES OF ACTION**

18  **COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA**

19  **47 U.S.C. §§ 227 *ET SEQ.***

20  72.  Plaintiff incorporates by reference all of the above paragraphs of this
21  Complaint as though fully stated herein.

22  73.  The foregoing acts and omissions of Defendant constitute numerous and
23  multiple negligent violations of the TCPA, including but not limited to each
24  and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*, but
25  particularly 47 U.S.C. § 227(b)(1)(A)(iii).

26  74.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*,
27  Plaintiff and the Class are entitled to an award of $500.00 in statutory
28  damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

1  75. Plaintiff and the Class are also entitled to and seek injunctive relief
2      prohibiting such conduct in the future.

3      **COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

4      **47 U.S.C. §§ 227 *ET SEQ.***

5  76. Plaintiff incorporates by reference all of the above paragraphs of this
6      Complaint as though fully stated herein.

7  77. The foregoing acts and omissions of Defendant constitute numerous and
8      multiple knowing and/or willful violations of the TCPA, including but not
9      limited to each and every one of the above-cited provisions of 47 U.S.C. §
10     227 *et seq*, but particularly 47 U.S.C. § 227(b)(1)(A)(iii).

11 78. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §
12     227 *et seq*, Plaintiff and the Class are entitled to an award of $1,500.00 in
13     statutory damages, for each and every violation, pursuant to 47 U.S.C. §
14     227(b)(3)(C).

15 79. Plaintiff and the Class are also entitled to and seek injunctive relief
16     prohibiting such conduct in the future.

17     **PRAYER FOR RELIEF**

18     WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and
19 the Class members the following relief against Defendant:

20     • Certify the Class as requested herein;

21     • Appoint Plaintiff to serve as Class Representative in this matter;

22     • Appoint Plaintiff's Counsel as Class Counsel in this matter;

23     • Provide such further relief against Defendant as may be just and proper.

24 In addition, Plaintiff and the Class members pray for further judgment as follows

25 against Defendant:

26

27

28

1
2

## COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227 *ET SEQ.*

3  80.  As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),
4      Plaintiff seeks for himself and each Class member $500.00 in statutory
5      damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

6  81.  Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such
7      conduct in the future.

8  82.  Any other relief the Court may deem just and proper.

9  ## COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
10     ## 47 U.S.C. §§ 227 *ET SEQ.*

11  83.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)
12      (1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory
13      damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

14  84.  Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such
15      conduct in the future.

16  85.  Any other relief the Court may deem just and proper.

17  ## TRIAL BY JURY

18  86.  Pursuant to the seventh amendment to the Constitution of the United States of
19      America, Plaintiff is entitled to, and demand, a trial by jury.

20                                          **HYDE & SWIGART**

21  Date: <u>March 15, 2018</u>            By:/s/ Joshua B. Swigart
22                                          Joshua B. Swigart (SBN: 225557)
                                            **HYDE & SWIGART**
23                                          2221 Camino Del Rio S., Ste 101
24                                          San Diego, CA 92108
                                            Telephone:  (619) 233-7770
25                                          Facsimile:  (619) 297-1022
26                                          Email: josh@westcoastlitigation.com

27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Abbas Kazerounian (SBN: 249203)
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523
Email: ak@kazlg.com

*Attorneys for Plaintiff*